UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Sylvia Cohen,

                    Plaintiff                 04-CV-4098

     -against-                                MEMORANDUM
                                              OPINION
                                              AND ORDER
J.P. Morgan Chase & Co. &
J.P. Morgan Chase Bank,

                    Defendants.

-------------------------------------X
SIFTON, Senior Judge.

     On September 22, 2004, Sylvia Cohen ("plaintiff") commenced

a proposed class action against J.P. Morgan Chase & Co. and J.P.

Morgan Chase Bank ("Chase") (collectively, "defendant"), seeking

damages for violations of Section 8(b) of the Real Estate

Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §

2607(b),[1] and section 349 of the New York General Business Law

(GBL).[2] Now before the court is a motion by plaintiff for

preliminary approval of a class action settlement between the

parties, certification of the class for settlement purposes,

approval of class notice and scheduling of a fairness hearing.

For the reasons set forth below, the motion is granted.

---

     [1]"No person shall give and no person shall accept any portion, split, or
percentage of any charge made or received for the rendering of a real estate
settlement service in connection with a transaction involving a federally
related mortgage loan other than for services actually performed."

     [2]Section 349 prohibits "[d]eceptive acts or practices in the conduct of
any business, trade or commerce." N.Y. Gen. Bus. Law § 349(a).

**BACKGROUND**

The following facts are taken from the Court's previous opinions in this case. For the purposes of this motion, the facts are undisputed.

**I. Facts**

In February 2003, plaintiff and her husband applied for a Chase loan in order to refinance the purchase of their cooperative apartment in Brooklyn, New York. Chase granted the loan and charged plaintiff several fees in connection with it, including a "post closing fee" in the amount of $225. The mortgage transaction closed on September 23, 2003. As described by Chase, the services for which plaintiff was charged the post-closing fee included the following: reviewing the documents received from the settlement agent to ensure that the agent followed the Chase closing instructions and that all necessary documents were correct and present in the file, correcting any mistakes in the documents, retrieving any documents that were missing from the file, combining the closing documents with the existing underwriting file in a particular order and sending that combined file to the National Post Closing center ("NPC"), and forwarding any late-arriving documents to NPC. Chase represented

that the primary purpose behind post-closing review of loans was to ensure their salability on the secondary mortgage market. The post-closing fee was charged primarily in the New York area until 2007, when Chase shifted to a fee structure that did not include a post-closing fee. Chase has charged over 50,000 post closing fees, which ranged in amount from $125 to $325. Post-closing services were and still are performed on all loans handled by Chase.

## II. Litigation History

Plaintiff filed her first complaint in this action on September 22, 2004, alleging that defendant wrongfully charged her an unearned post closing fee in violation of RESPA and the GBL § 349. By Memorandum and Order dated March 16, 2005, I granted defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Cohen v. J.P. Morgan Chase & Co.*, 2005 U.S. Dist. LEXIS 45466 (E.D.N.Y. March 16, 2005). I subsequently denied plaintiff's motion for reconsideration. *Cohen v. J.P. Morgan Chase & Co.*, 2006 U.S. Dist. LEXIS 597. (E.D.N.Y. January 4, 2006). On August 6, 2007, the Second Circuit Court vacated the judgment of dismissal and remanded the case for reinstatement of the complaint. *Cohen v. J.P. Morgan Chase & Co.*, 498 F.3d 111, 113 (2007). On October 12, 2007, plaintiff filed her First Amended Complaint. Defendant

moved for summary judgment on July 18, 2008. On August 27, 2008, plaintiff moved for class certification. I denied defendant's motion for summary judgment on January 28, 2009. *Cohen v. J.P. Morgan Chase & Co.*, 608 F. Supp. 2d 330 (E.D.N.Y. 2009).

On February 3, 2009, defendant moved to stay consideration of the motion for class certification and to toll defendant's time to file a motion for reconsideration of the denial of summary judgment or for certification of an interlocutory appeal, on the ground that the parties were conducting settlement negotiations. I granted the motion, which was renewed several times over the ensuing six months. During that time, the parties engaged in extensive, arm's length settlement negotiations assisted by a mediator. On August 21, 2009, the parties moved for preliminary approval of the settlement.

## III. Settlement Agreement

The parties have agreed to define the settlement class as follows: "All borrowers who were charged a post-closing fee by Chase in connection with the origination of their residential mortgage loan at any time between September 22, 2001 through December 31, 2008."

The proposed settlement establishes a process by which each class member can receive 100% of the post-closing fee paid, plus interest at 5% per annum. The settlement will provide a maximum

of $19.92 million in cash refunds (including interest) to class members. In addition to the refunds and interest, Chase will pay the attorneys' fees and expenses of counsel for plaintiff and the class and the costs of notice and settlement administration. Chase denies that the charging of a post-closing fee violates RESPA or Section 349.

## A. Members of the Class and Identity of Lead Plaintiffs

The proposed class consists of all borrowers who were charged a post-closing fee in connection with the origination (including refinancing) of a residential mortgage loan at any time between September 22, 2001 through December 31, 2008. The class is represented by lead plaintiff Sylvia C. Cohen, who will receive $15,000 in recognition of her contributions as class representative and as compensation for her post-closing fee.

## B. Refund of Post Closing Fee

Subject to claims procedures, defendant agrees to reimburse each class member for post-closing fees paid in the amount set forth in the class members' final mortgage settlement statement, plus interest. In the event that the class member was awarded a closing cost credit at the time of settlement, the refund is reduced according to a set formula.

Class members whose loans are no longer serviced by Chase as

of the effective date of settlement will receive their refund by check. Class members whose loans are still serviced by Chase will either receive a check or, if the class member is delinquent in payments, the refunds will be applied to past amounts due. For class members whose mortgage has been foreclosed, the refund will equal 50% of the post-closing fee paid to Chase or $100, whichever is less.

Refunds shall be provided within 21 days after Chase completes its analysis of the claims. Class members must present checks within six months of receiving them.

**C. Legal Fees and Costs**

Class counsel will file a motion for attorney's fees and costs in accordance with Federal Rule of civil Procedure 23(h) no later than 45 days before the Final Approval Hearing, and states that it intends to seek attorney's fees not exceeding $6.6 million. Chase agrees not to appeal any award of attorney's fees that is below 3.75 times the lodestar submitted by class counsel to the Court. Class counsel agrees not to appeal any award of attorney' s fees and expenses above 3.75 times the lodestar submitted to the Court. In the event an appeal is taken with respect to fees, Chase agrees to deposit the fees into an escrow account pending final determination. The parties stipulate that plaintiff's motion for attorney's fees and costs is to be

considered separately from the fairness and adequacy of the settlement.

**D. Notice**

Within 30 days after the entry of a preliminary approval order, the claims administrator will provide notice to each class member by mail at the class members last known address. The claims administrator will make a second attempt to deliver notices returned as undeliverable. The notice shall inform class members of the material terms of the settlement and the deadline for serving objections and exclusions, and shall include contact information, website information, and a claim form. Two forms of notice will be used, one for class members identified by Chase as having paid a post-closing fee, and one for possible class members whose payment of a fee is uncertain from Chase's records. The first group shall receive notice that states:

> You are being sent this Notice because you paid a Post Closing Fee to Chase. Under the terms of the Proposed Settlement, you may be eligible to receive a refund of the Post Closing Fee.

The second form of notice states:

> You are being sent this Notice because you may have paid a Post Closing Fee to Chase. If you paid a Post Closing Fee, you may be eligible to receive a refund. To determine whether you paid a Post Closing Fee, you should look at your mortgage Settlement Statement. If you cannot locate your Settlement Statement, please see below for instructions on how to request a copy from Chase.

The notice form provides, in Spanish, a means for Spanish-speakers to obtain a Spanish translation of the notice.

**E. Opt-Outs**

At least 10 business days prior to the final approval hearing, class counsel shall prepare a list of persons who have submitted timely and valid request for exclusion (an "opt out") from the class. If the number of persons opting out of the settlement equals or exceed 500 class members, then Chase may, at any time prior to three days before the final approval hearing, notify plaintiff's counsel that the settlement will not achieve its purposes. In that event, the settlement agreement shall become null and void, the litigation may continue, and the parties shall jointly move to vacate any orders entered pursuant to the settlement agreement, including class certification.

**F. Claims Procedures**

The claim form requires each class member to provide a name, address, telephone number, and copy of the class member's final mortgage settlement statement. The form must be provided to the claims administrator within 120 days after the notice is mailed. If the class member cannot locate the settlement statement, Chase will provide a copy. The claims administrator shall notify class

counsel if it determines that a claim form was not properly completed, and the class member shall have a reasonable opportunity to correct it. Chase shall determine the eligibility of each class member to receive a refund based on its own files; any disputes regarding eligibility shall be submitted to the Court. If a check is not redeemed, the funds shall remain Chase's property.

**G. Right to Withdraw from Settlement**

In the event that any court disapproves or sets aside the settlement agreement or holds that it will not give effect to final judgment, the settlement agreement shall be vacated unless all parties agree to jointly appeal the ruling and the judgment is upheld.

**H. Releases**

Each class member who has not timely opted out (excluded himself or herself) from the class shall be enjoined from proceeding on any causes of action relating to the post-closing fee against Chase and Chase's subsidiaries and affiliates, such companies' officers, directors, principals, agents, attorneys, employers, employees, divisions, owners, or partners, and any personal representative of the same.

## DISCUSSION[3]

### I. Preliminary Approval of Settlement

"There is a strong judicial policy in favor of settlement, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy." *Denny v. Jenkins Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y. 2005). Preliminary approval of a proposed settlement is appropriate where it is the result of serious, informed, non-collusive ("arm's length") negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys), and where the settlement appears to fall within the range of possible approval. *See Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 354 (E.D.N.Y. 2006); *see also* Manual for Complex Litig. § 30.41

The proposed settlement satisfies the requirements for preliminary approval. The settlement provides for refunds of 100% of the post-closing fee plus interest to each eligible claimant. Attorneys' fees and expenses and the costs of notice and administration shall be paid separately and will not reduce the

---

[3] This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e) over claims in violation of RESPA, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

funds paid to the class. The parties have engaged in extensive, arm's length negotiations with the assistance of a mediator. There are no grounds to doubt the fairness of the settlement, nor does it appear to unduly privilege the class representative or overcompensate class counsel. Preliminary approval is granted.

## II. Certification of the Class for Settlement

A Court should grant conditional certification of a class for settlement purposes where the proposed class and class representative satisfy the four requirements of Federal Rule of Civil Procedure 23(a) - numerosity, commonality, typicality, and adequacy - as well as one of the three subsections of Rule 23(b).[4] *See generally Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-29, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) (explaining the application of Rule 23 to settlements). In deciding certification, "courts must take a liberal rather than restrictive approach in determining whether the plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72 (E.D.N.Y. 2004); *see also Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)

---

[4]In the present action, Rule 23(b)(3) is applicable. Rule 23(b)(3) provides that a class action is maintainable if the Court finds "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

("Rule 23 is given a liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in deciding whether to grant certification.).

## A. Numerosity

The purported class size of 50,000 satisfies the numerosity requirement. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members.").

## B. Commonality

Commonality requires that class members' claims share a common question of law or fact. *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). "Plaintiff need not show that all arguments are identical," *Lapin v. Goldman Sachs & Co.*, 2008 U.S. Dist. LEXIS 69574 at *8 (S.D.N.Y. 2008); rather, the rule requires that "the disputed issue of law or fact occupies essentially the same degree of centrality to the named plaintiffs' claims as to that of the other members of the proposed class." *Dodge v. County of Orange*, 208 F.R.D. 79, 88 (S.D.N.Y. 2002)(citation omitted). Where "injuries derive from a unitary course of conduct by a single system," a district court is within its discretion in finding commonality. *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 277 (2d Cir. 1997).

All of plaintiff's claims and those of the purported class arise from a common course of conduct: Chase charged members of the class a post closing fee. Common issues of law and fact include whether the post-closing fee is an unearned fee in violation of either RESPA or GBL § 349 and whether plaintiff and the class have been damaged. The requirement is satisfied.

## C. Typicality

The typicality requirement ensures that "maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Marisol*, 126 F.3d at 376 (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). "As long as plaintiffs assert... that defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality." *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 154-55 (S.D.N.Y. 2002).

In this case, the claims of plaintiff and of all class members derive from Chase's uniform practice of charging an allegedly unearned post-closing fee, in violation of RESPA and GBL § 349. Accordingly, plaintiff's claim is typical of the class.

**D. Adequacy**

This requirement consists of two elements: (1) the representative plaintiff's attorneys must be qualified, experienced, and generally able to conduct the litigation, and (2) the plaintiff's interests must not be antagonistic to those of the remainder of the class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Plaintiff's counsel, Giskan Solotaroff Anderson & Stewart LLP, has submitted a firm biography demonstrating the partners' extensive experience in successfully prosecuting complex consumer fraud actions. Counsel has vigorously pursued this action since its inception in 2004. Second, plaintiff's interests are not antagonistic to those of the class, as her claims are identical to those of the class. The requirement of adequacy is satisfied.

**E. Predominance and Superiority under Rule 23(b)**

**1. Predominance**

Rule 23(b)(3) permits the maintenance of a class action if the Court finds "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement is met when the defendant's wrongful acts involve

common practices and/or standardized documents, *see Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996), or when defendants put forth a common defense. *Fox v. Cheminova*, 213 F.R.D. 113, 130 (E.D.N.Y. 2003) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166-67 (2d Cir. 1987)). The test is "readily met" in many deceptive practices cases involving consumers. *Amchem Products, Inc.*, 521 U.S. at 625. In such cases, the court's inquiry is focused on "the conduct of the defendant rather than that of individual plaintiffs, making it particularly susceptible to common, generalized proof." *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1115 (E.D.N.Y. 2006).

In this case, liability turns on the legality of Chase's standard practice of charging a post-closing fee to a large group of mortgage customers. Chase has submitted a common defense that the post-closing was proper because Chase provided post-closing services for the fee. Common questions of law and fact predominate over those affecting individual class members.

## 2. Superiority

Rule 23 requires consideration of four factors when determining whether a class action is the superior manner of resolving a controversy: (1) the interest of class members in individually controlling the prosecution of separate actions, (2)

the extent and nature of any litigation concerning the controversy already commenced by members of the class, (3) the desirability or undesirability of concentrating the litigation of the claims in this particular forum, and (4) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.Pro. 23(b)(3).

"Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit." *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996) (quotation omitted). When individual claims are small, "it is likely that [they] will never be brought to court without use of the class action procedure." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 80 (E.D.N.Y. 2004). "One of the purposes of a class action is to make litigation possible in situations where a large number of persons has been injured." *Epifano v. Boardroom Business Products, Inc.*, 130 F.R.D. 295, 299 (S.D.N.Y. 1990) (citing *Green v. Wolf Corp.*, 406 F.2d 291, 296 (2d Cir. 1968).

In this case, there are at least 50,000 potential claims of $125 to $325. Given these small individual sums, there can be little benefit derived from individual prosecution or control. This satisfies the first Rule 23(b)(3) factor. The other factors

also point towards the superiority of a class action here. There is no evidence that any potential class members have brought or intend to bring any litigation concerning this controversy. No undesirability of conducting the litigation in this forum has been brought to my attention. Last, there appear to be no unusual difficulties in managing this class action or noticing the class. In the interests of judicial economy and ensuring that plaintiffs are able to bring their claims in the first place, a class action is the superior method of adjudication.

**F. Disposition**

Because all of the requirements of Rule 23 have been met, conditional certification of the proposed class is granted.

**III. Notice**

Notice of a pending class action settlement must be directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The notice must clearly and concisely state in plain, easily understood language all information required by Rule 23(c)(2)(B).[5] The standard for

---

[5]The following information must be included:
(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;

adequacy of a class action settlement notice is one of
"reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396
F.3d 96, 113-114 (2d Cir. 2005); Fed. R. Civ. Pro. 23(e). The
notice must fairly apprise the prospective members of the class
of the terms of the proposed settlement and of the options that
are open to them in connection with the proceedings. *See id.* at
114.

In this case, the settlement provides for direct notice by
U.S. mail to every member of the class. The language of the
notice is straightforward, and clearly directs potential class
members of their options with respect to the settlement. The
information required by Rule 23(c)(2)(B) has been included.
Accordingly, the proposed forms of notice are approved.

---

      (vi) the time and manner for requesting exclusion; and
      (vii) the binding effect of a class judgment on members under Rule
      23(c)(3).
Fed. R. Civ. Pro. 23(c)(2)(B).

**CONCLUSION**

For the reasons set forth herein, the motion for preliminary approval of the settlement, class certification, and approval of the proposed form of notice is granted. A fairness hearing is scheduled for 4:30 p.m. on December 22, 2009.  The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          September 23, 2009

                    By:/s/ Charles P. Sifton (electronically signed)
                       United States District Judge