IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SYLVIA C. COHEN, On Behalf of Herself and All
Other Persons Similarly Situated,

          C.A. No. 04-CV-4098
          (CPS/RLM)

          Plaintiff,

vs.

JP MORGAN CHASE & CO. and JP MORGAN
CHASE BANK,

          Defendants.
-----------------------------------------------------------------------x

## DECLARATION OF OREN GISKAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES

I, Oren Giskan, declare and state as follows:

1.    I am a member of Giskan Solotaroff Anderson & Stewart LLP, counsel to Plaintiff Sylvia C. Cohen and the Class in the above-captioned action. I submit this declaration in support of Plaintiff's Motion For An Award Of Attorneys' Fees and Expenses.[1]

2.    This action was commenced as a class action on September 22, 2004 against JPMorgan Chase & Co. and JP Morgan Chase Manhattan Bank (collectively "Chase") for charging consumers an unearned fee known as the "Post-Closing Fee" at home mortgage closings in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"), §8(b), and the New York consumer protection statute, General Business Law, § 349 ("GBL § 349").

3.    Prior to filing the original complaint, Class counsel conducted an extensive factual and legal investigation, including consultations with industry experts and real estate closing attorneys, interviews with consumers who obtained a mortgage through Chase, interviews with

---

[1] The defined terms set forth herein shall have the meanings set forth in the Settlement Agreement dated August 20, 2009 entered into between the Parties.

consumers who obtained a mortgage from lenders other than Chase, a review of consumers' closing statements, and a review of publicly available information concerning the customary closing fees charged in home mortgage settlements and relevant statutes and case law.

4. In December 2004, Chase moved to dismiss the Complaint on the grounds that the Post Closing Fee was not a split fee and that it was disclosed by Chase on the HUD-1 Settlement Statement. Plaintiff opposed the motion to dismiss. Oral argument was heard in February 2005. The Court granted Chase's motion to dismiss Plaintiff's RESPA and GBL § 349 claims.

5. Class Counsel moved for reconsideration of the Court's order granting Chase's motion to dismiss Plaintiff's RESPA and GBL § 349 claims. The Court denied Plaintiff's motion for reconsideration.

6. Thereafter, Plaintiff filed a timely notice of appeal with the Second Circuit Court of Appeals. After Plaintiff filed her notice of appeal, the parties engaged in settlement discussions which ultimately failed. Plaintiff's appeal was fully briefed, and in September 2006, oral argument was held before the Second Circuit. In August 2007, the Second Circuit granted Plaintiff's appeal, reversed the earlier dismissal of the action and the case was reinstated in the District Court.

7. In October 2007, Class Counsel amended the complaint and commenced discovery. Discovery was extensive and hard fought. During discovery, Class Counsel prepared and responded to several sets of discovery requests, reviewed thousands of pages of documents produced by Chase and reviewed and prepared Plaintiff's documents for production. In addition, Plaintiff sought and obtained a ruling from the Court compelling Chase to produce additional documents.

8. During discovery, Class Counsel was required to seek numerous clarifications and amendments to Chase's discovery responses and ultimately obtained a Court order that Chase

2

produce documents showing the total number and amount of all Post Closing Fees charged. This process was time consuming and challenging. On October 31, 2007, Chase served its Initial Disclosure Statement pursuant to Rule 26(a). Following ongoing meet and confers with Class Counsel concerning discovery, on June 9, 2008, Chase amended its Initial Disclosures. On January 9, 2008, Chase filed its responses to Plaintiff's First Set of Document Requests, Plaintiff's First Interrogatories and Plaintiff's Deposition Discovery Requests. On May 12, 2008, following numerous meet and confers on discovery issues with Class Counsel, Chase amended its Responses to Plaintiff's First Set of Interrogatories. Similarly, on July 9, 2008, following additional meet and confers with Class counsel concerning discovery, Chase provided its Second Amended Responses to Plaintiff's First Set of Interrogatories. Despite these ongoing meet and confers and serial amendments to discovery responses, Chase refused to provide concrete information on the number and amount of Post Closing Fees charged in response to Plaintiff's Interrogatory Request No. 7 ("Identify the number of post closing fees charged by Chase") and Request No. 8 ("Identify in dollar amounts the total in post closing fees charged by Defendants"). Accordingly, in July 2008, Plaintiff sought a conference with the Court. On July 18, 2008, a discovery conference was held via telephone with Magistrate Judge Mann. The Court ordered that Chase "redraft its response to Interrogatories 7 and 8, [ ] provide documents summarizing the number and amount of Post-Closing Fees, and [ ] provide sworn statements regarding documents that have been sought by not located." In response to the Court's order, Chase stated that "data contained in Chase's electronic financial databases reflect that Chase charged approximately 50,800 post closing fees since September 2001," and that "data contained in Chase's electronic financial databases reflect that Chase charged approximately $13 million in post-closing fees since September 2001." Chase also produced

documents in response to the Court's July 18 Order which summarized the number and amount of the total Post Closing Fees charged by Chase. Importantly, neither Plaintiff's discovery requests nor the Court's July 18 Order distinguished between the prime and subprime retail channels at Chase. Class Counsel subsequently learned that the information Chase provided in response to the Court's July 18, 2008 Order was not accurate and under represented class size and damages by approximately $4.4 million. After Chase lost on summary judgment, Chase disclosed for the first time that its subprime divisions also charged the Post Closing Fee and that the relevant information was available in Chase's electronic data bases.

9. During discovery, Class Counsel also deposed seven Chase witnesses: two then-current Chase employees, three former Chase employees, a Fed. Rule Civ. Proc. Rule 30(b)(6) witness designated by Chase, and the Chase lawyer who performed the Plaintiff's closing. Class Counsel also defended the depositions of both Plaintiff and her husband.

10. During discovery, Class counsel learned that after more than 15 years of charging the Post Closing Fee, Chase stopped charging the Post Closing Fee in or around 2007. At this time, Chase no longer charges the Post Closing Fee. At the time it ceased charging the fee, Chase was collecting approximately $2.6 million in Post Closing Fees annually. Class Counsel submits that this lawsuit and the appeal to the Second Circuit was a substantial factor contributing to Chase's decision to stop charging the Post Closing Fee and undoubtedly made other mortgage banks re-evaluate their fee structures. Attached hereto as Exhibit 3 are true and correct copies of various publications showing the impact of this case on the mortgage industry.

11. During discovery, Class counsel also retained and worked with an industry expert, produced an extensive expert report, and responded to and served requests for expert

discovery.

12. On July 18, 2008, Chase moved for summary judgment. The motion was fully briefed and included the submission of expert reports. On October 2, 2008, oral argument was heard on Chase's motion for summary judgment.

13. On August 27, 2008, Plaintiff moved for Class certification on behalf of "all persons who were charged a post closing fee by Chase during the period September 2001 through the present, and a Subclass of all persons in the State of New York who were charged a post closing fee by Chase during the period September 2001 through the present." Oral argument was heard on October 30, 2008.

14. On September 4, 2008, the parties attended a settlement conference before Magistrate Judge Mann. The settlement conference did not culminate in a settlement.

15. On January 28, 2009, the district court denied Chase's motion for summary judgment on both the RESPA §8(b) and GBL § 349 claims. *See Cohen v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 5823 (E.D.N.Y. January 28, 2009). Immediately thereafter, Chase requested that the parties seek a stay of the proceedings, including the Court's pending class certification decision, in order to explore settlement. It was at this time that Chase first revealed that it had charged the Post Closing Fee in its subprime divisions.

16. During the next three months, settlement negotiations took place at in person meetings and on the telephone and were overseen by a neutral third party mediator, Peter Woodin of JAMS. In April 2009, the parties attended an all day mediation session at JAMS during which the material terms of the settlement were agreed upon. The mediation continued thereafter by telephone. Although a settlement was reached, the parties could not agree on the amount of attorneys' fees to be

5

paid by Chase to Class Counsel.

17. Class counsel then commenced confirmatory discovery including, but not limited to, taking four additional depositions of Chase witnesses and document review.

18. Class counsel's lodestar through and including November 4, 2009, is $932,586. This reflects 1766 hours expended over the past five years of litigation. Class Counsel's lodestar is based on partner rates ranging from $530 -$560 per hour and paralegal rates ranging from $150-$175 per hour. Attached hereto as Exhibit 1 is a true and correct copy of Class Counsel's time and expense records. Attached hereto as Exhibit 2 is a true and correct copy of the firm resume of Giskan Solotaroff Anderson & Stewart LLP.

19. Attached hereto as Exhibit 4 is a copy of a news article noting Chase's $3.6 billion profit in the third quarter of 2009.

20. Attached hereto as Exhibit 5 is copy of a news article noting the 2008 annual compensation of Chase's CEO Jamie Dimon.

21. At this time, Class Counsel has received in excess of five hundred calls from Class members concerning the Settlement and the claims process. Class Counsel thus anticipates spending significant additional time on this case assisting Class members with the claims process. Class Counsel also will spend additional time preparing our filings in support of final approval of the Settlement. At the time of final approval of the Settlement, Class Counsel's lodestar thus will have increased.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of November 2009 in New York, New York.

_____
Oren Giskan