# GISKAN SOLOTAROFF ANDERSON & STEWART LLP

## Attorneys at Law

December 3, 2009

**By Hand Delivery and ECF**

Hon. I. Leo Glasser
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Cohen v. JPMorgan Chase*, 04-CV-4098 (ILG)

Your Honor:

      I represent Plaintiff and the class in the above class action against Defendant JPMorgan Chase. As the Court may be aware, Judge Sifton had preliminarily approved the proposed settlement and scheduled a final approval hearing on December 22, 2009.

      By way of background, the Plaintiff in this lawsuit alleged that Defendant JPMorgan Chase ("Chase") violated the Real Estate Settlement Procedures Act, 12 U.S.C.S. § 2607(b), and New York General Business Law §349 by charging persons who received a mortgage from Chase an improper post-closing fee of up to $500. After Judge Sifton denied Chase's motion for summary judgment, the parties reached a settlement under which Chase has agreed to refund to class members 100% of the post-closing fees plus interest.

      Due to the fact that some class members received credits that partially or wholly offset the post-closing fee, it was necessary to establish a claims process under which class members would submit a claim for refund of the fee, and attach or request from Chase the HUD-1 Settlement Form ("HUD 1") setting out the fees and credits paid at closing.

      I write to request a status conference at the Court's earliest convenience to address certain problems that have arisen with the claims process.

      Under the claims process established by the settlement agreement, any class member that cannot locate his or her HUD-1 may request that the claims administrator, Rust Consulting ("Rust"), obtain one from Chase by calling Rust at the toll free number on the claim form. Pursuant to the settlement agreement, Chase would then provide the HUD-1 directly to Rust.

      Following preliminary approval, Chase indicated that it would instruct Rust to use an entirely automated system to answer calls to the toll free number. Until recently, the

To: Hon. I. Leo Glasser
Date: December 3, 2009
Page 2 of 2

automated system did not indicate to callers that they should submit their claim forms after requesting that Rust obtain the HUD-1 from Chase. To the contrary, the automated system informed class members that a copy of the HUD-1 would be mailed to them. As a result, many class members believe that they do not have to submit claim forms or are waiting to receive a copy of their HUD-1 forms before submitting claim forms, even though the HUD-1 forms are being sent directly from Chase to Rust.

In addition, Chase has instructed Rust to reject claims for technical reasons. As of November 17, 2009, Chase has already rejected 375 claims that we believe should be honored – particularly given Chase's insistence on the confusing system implemented by Rust. For instance, Chase has rejected claims with missing information, such as telephone numbers, even though Chase and Rust have that information already.

While we have repeatedly spoken to Chase's counsel about problems with the claims process, and while Chase has made some token attempts to remedy these problems, we remain concerned that class members will be arbitrarily prevented from receiving the benefits to which the settlement entitles them.

Accordingly, I respectfully request a conference at the Court's earliest convenience at which the parties can discuss potential solutions to the problems caused by the claims process. One such solution would be for Chase to agree to honor the claim of every class member who has indicated an intent to file a claim by either submitting a claim form or requesting a HUD-1.

Thank you for your attention to this matter.

Sincerely yours,

Oren Giskan

Cc:   LeAnn Pope, Esq. (by email)
      Noah Levine, Esq. (by email and ECF)