WILMERHALE

January 5, 2010

**Noah Levine**

+1 212 230 8875(t)
+1 212 230 8888(f)
noah.levine@wilmerhale.com

**BY ECF**

Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Cohen v. JPMorgan Chase & Co.*, No. 04 Civ. 4098

Dear Judge Glasser:

    We respectfully submit this letter in response to class counsel's letter of January 5, 2009. As class counsel accurately states, the parties have been unable to resolve their dispute over the attorneys' fee issue that has been presented to the Court in Plaintiff's Motion for Award of Attorneys' Fees and Expenses (Dkt. No. 100).

    The parties have devoted substantial time and effort to the search for a resolution of the fee issue, having commenced negotiations more than eight months ago. The negotiations included the involvement of Peter Woodin, a third-party mediator from JAMS in New York. Mr. Woodin helped the parties bridge their differences on the merits issues, thereby successfully achieving a settlement of the case, the terms of which are stated in the Class Settlement Agreement. After reaching a class settlement, Mr. Woodin also spent significant time mediating the fee issue. Those efforts included review of written submissions from the parties, an in-person mediation session, and numerous subsequent communications with each side's counsel over the course of several weeks. Based on that work, Mr. Woodin facilitated an agreement on attorneys' fees acceptable to both sides, the terms of which also are stated in the Class Settlement Agreement. Specifically, the parties agreed to allow the fee issue to be presented to the Court in the form of a Motion for Attorneys' Fees and Expenses by class counsel under Federal Rule of Civil Procedure 23(h), and agreed to certain restrictions on their right to appeal the Court's decision on that motion. *See* Class Settlement Agreement ¶ 5.

    Since the signing of the Class Settlement Agreement in August 2009, the parties' counsel continued to hold discussions. Most recently, in the past month, in response to the Court's requests, the parties' counsel twice have further explored whether resolution of the fee dispute is possible: first after the status conference on December 10, 2009, and again after the final approval hearing on December 22, 2009. Unfortunately, we have been unable to reach an agreement on the amount of reasonable attorneys' fees.

    Chase would greatly prefer to remove the fee dispute from the Court's docket if a resolution acceptable to both sides were possible. If the Court were to deem it appropriate, Chase would be willing to further discuss settlement on reasonable terms with class counsel.

WILMERHALE

January 5, 2010
Page 2

Nevertheless, given the history of the parties' efforts and the lack of success, it is Chase's respectful position that submission of class counsel's fee motion for decision is now appropriate.

Respectfully submitted,

Noah Levine

cc:     Oren Giskan (via ECF and email)