IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYLVIA C. COHEN,<br><br>     Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE & CO., and<br>JPMORGAN CHASE BANK, N.A.<br><br>     Defendants. | 04-CV-4098 (ILG/RLM) |

## FINAL JUDGMENT AND ORDER

It is hereby adjudged, ordered, and decreed that:

**1. Jurisdiction.** This Court has personal jurisdiction over all members of the proposed Class (defined below) and has subject-matter jurisdiction over the above-captioned action (the "Action"), including jurisdiction to approve the proposed settlement and to certify the Class for settlement purposes only.

**2. Class Definition.** The following Class is granted final certification, for purposes of settlement of this Action only, under Fed. R. Civ. P. 23:

> all borrowers who were charged a post closing fee by Chase in connection with the origination of their residential mortgage loan at any time between September 22, 2001 through December 31, 2008 (the "Class").

**3. Findings Concerning Certification of the Class for Settlement.** The Court finds that the Class satisfies all the requirements of Fed. R. Civ. P. 23: (1) The numerosity requirement is satisfied because the Class is comprised of at least 50,000 individuals; (2) the commonality requirement is satisfied because all of plaintiff's claims and those of the Class arise from a common course of conduct, to wit, that Chase charged members of the Class a post-closing fee;

- 2 -

(3) the typicality requirement is satisfied because the claims of plaintiff and of all Class members derive from Chase's uniform practice of charging an allegedly unearned post-closing fee, in violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(b) and New York Gen. Bus. Law § 349; (4) the adequacy requirement is satisfied because Class counsel has extensive experience in successfully prosecuting complex consumer fraud actions and plaintiff's claims are not antagonistic to those of the Class, as her claims are identical to those of the Class; (5) the predominance requirement is satisfied because common questions of law or fact predominate over any questions affecting individual Class members; and (6) the superiority requirement is satisfied because the class action is superior to other available methods for the fair and efficient adjudication of the controversy given the sums involved for individual Class members.

    **4. Findings Concerning Notice.**  Pursuant to the terms of the Class Settlement Agreement, dated August 20, 2009, direct notice was provided by United States mail to every member of the Class.  The language of the notice was straightforward, and clearly advised Class members of their options with respect to the settlement.  The notice was the best practicable notice, and was reasonably calculated, under the circumstances, to apprise the Class members of the information required by Fed. R. Civ. P. 23(c)(2)(B): (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3).

**5. Approval of the Settlement.**  The settlement is hereby finally approved as fair, reasonable, and adequate, and in the best interests of each of the parties and of the Class members.  The parties and their counsel are accordingly instructed to implement and consummate the Class Settlement Agreement according to its terms and provisions.

**6. Approval of the Incentive Payment to Plaintiff.**  The incentive payment to plaintiff for her services as the class representative in the amount of $15,000, which includes the amount of the post-closing fee paid by plaintiff to Chase and interest thereon at five percent per annum, as set forth in the Class Settlement Agreement, does not unduly privilege the class representative and is hereby approved.

**7. Dismissal of Claims with Prejudice and Release.**  The claims in this Action and the Complaint are dismissed on the merits and with prejudice in accordance with the terms set forth in the parties' Class Settlement Agreement, without costs to any party except as provided therein and by separate order of the Court.  Effective as of the date of this Final Judgment and Order, defendants and the Released Chase Parties (as that term is defined in the Class Settlement Agreement) are hereby forever discharged from any and all Released Claims (as that term is defined in the Class Settlement Agreement).

**8. Injunction Barring Further Actions by Class Members.**  This Final Judgment and Order is binding on, and has res judicata and preclusive effect in all pending and future lawsuits in federal or state court, or in any other legal, administrative, or regulatory proceedings that are commenced or maintained by or on behalf of plaintiff or any other Class member who has not timely and properly excluded herself or himself from the Class and her or his assigns, heirs, successors, and personal representatives.  Accordingly, all Class members who have not been timely excluded from the Class are hereby permanently barred and enjoined from filing,

commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the Released Claims.

**9. Adequacy of Representation.**  Counsel for plaintiff in this Action and the class representative have adequately represented the Class for purposes of entering into and implementing the Class Settlement Agreement.

**10. Further Amendments of the Class Settlement Agreement.**  The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Class Settlement Agreement that are consistent with this Final Judgment and Order.

**11. Continuing Jurisdiction.**  The Court shall retain continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Class Settlement Agreement and this Final Judgment and Order, and for any other necessary purpose.

Dated:  Brooklyn, New York

   February 2, 2010

/s/
Honorable I. Leo Glasser
United States District Judge