IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SYLVIA C. COHEN, On Behalf of Herself and All           :        04-CV-4098 (ILG/RLM)
Other Persons Similarly Situated,                                          :
                                                                                                    :
                        Plaintiff,                                  :
                                                                                                    :
vs.                                                                                             :
                                                                                                    :
JP MORGAN CHASE & CO. and JP MORGAN         :
CHASE BANK,                                                                       :
                                                                                                    :
                        Defendants.                          :
-----------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SUPPLEMENT TO CLASS SETTLEMENT AGREEMENT

Plaintiff Sylvia C. Cohen respectfully submits this memorandum of law in support of her motion for preliminary approval of a proposed supplement to the class settlement agreement in this Action (the "Supplemental Settlement").

## I. INTRODUCTION[1]

On September 23, 2009, this Court (Judge Sifton) preliminarily approved a class action settlement ("Original Settlement") under which members of the class could receive a refund of a Post Closing Fee charged by Chase in connection with certain mortgages originated between September 22, 2001 and December 31, 2008 (the "Class Period"). This Court (Judge Glasser) held a final approval hearing on December 22, 2009 and entered an order granting final approval of the Original Settlement on February 2, 2010.

The Original Settlement provided for a claims period ending February 20, 2010. During the later stages of the claims period, Class Counsel learned that some Chase customers who had paid a Post Closing Fee did not receive notice of the Original Settlement. Declaration of Oren Giskan in Support of Preliminary Approval of Supplemental Settlement ("Giskan Decl.") at ¶ 2. Class Counsel confirmed with the Settlement Administrator (Rust Consulting, Inc.) that these customers were not on the list of Class Members provided by Chase and contacted counsel for Chase. *Id.*

Over the ensuing weeks, counsel for Chase, with the input of Class Counsel, investigated whether certain Chase borrowers who paid a Post Closing Fee were not included on the Class List. *Id.* at ¶ 3. When it became clear that certain Chase borrowers who should have been on the Class

---

[1] Plaintiff refers the Court back to its papers in support of final approval of the Original Settlement (Docket # 111) for a full recitation of the factual and procedural history of the litigation.
US1DOCS 7512188v1

list were not, the parties agreed that the proper remedy was a supplement to the class settlement agreement and notified the Court. *See* Joint Letter dated February 22, 2010, Docket # 124.

## II.     The Supplement to the Class Settlement Agreement

The complete terms of the Supplemental Settlement are set forth in the Supplement to Class Settlement Agreement. *See* Notice of Motion, Exhibit B. The Supplemental Settlement will provide borrowers with a refund of any Post Closing Fee they paid on substantially the same terms as the Original Settlement.

Although Chase cannot readily determine how many members of the Class (*i.e.*, Chase borrowers who paid a Post Closing Fee) were not included on the original class list, Chase will provide notice to the group of Chase borrowers who *may have paid* a Post Closing Fee and were not included on the original class list. Giskan Decl. at ¶ 5.

There are two material changes between the Original Settlement and the Supplemental Settlement as it pertains to claims submitted by borrowers receiving notice. First, if neither the borrower nor Chase can locate the borrower's HUD-1 Settlement Statement, Chase will notify the borrower, who will be given the opportunity through Class Counsel to present evidence that a Post Closing Fee was paid. This change from the Original Settlement[2] reflects the fact that a much lower percentage of recipients of the Notice will actually have paid a Post Closing Fee. Second, the Claims Period in the Supplemental Settlement has been reduced from 120 days to 60 days. The parties believe, based on their experiences with the Original Settlement, that a shorter claims period is sufficient and would result in earlier payment to borrowers filing claims under the Supplemental Settlement.

---

[2] Under the terms of the Original Settlement, if neither the Class member nor Chase could locate the Settlement Statement, Chase paid that Class member $225.00.

Lastly, as the Court is aware, there were some glitches with the claims administration process with the Original Settlement. Those glitches have been fixed and a clearer claim form has been made part of the proposed Notice for the Supplemental Settlement.

**III.    Class Counsel's Fees And Expenses**

Chase has agreed not to oppose any request for attorneys' fees' and expenses by Class Counsel up to $350,000 for work related to the Supplemental Settlement. This amount will be paid separately from the refunds paid to the Class.

**IV.    Notice To The Class**

Within 30 days after the entry of a Preliminary Approval Order, the Settlement Administrator will mail a notice ("Class Notice" or "Notice") to each person on the Supplemental Notice List by United States Mail, at each person's last known address, in the form attached as Exhibit C to the Motion.

**V.    The Proposed Settlement Merits Preliminary Approval**

The proposed Supplemental Settlement is consistent with the terms of the Original Settlement and warrants preliminary approval. As members of the Class certified for settlement purposes under the Original Settlement, borrowers who file a valid claim under the Supplemental Settlement will receive 100% of the Post Closing Fee paid plus interest. Attorneys' fees and expenses, and the costs of notice and administration, are to be paid separately by Chase and will not reduce the refunds to the Class.

## VI. The Court Should Approve The Proposed Notice And The Procedure For Notifying The Settlement Class Members

Notice of a class action settlement may be directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The Supplemental Settlement provides for direct notice by U.S. Mail to every member of the Class.

Further, the Notice "clearly and concisely state[s] in plain, easily understood language," all information required by Rule 23(c)(2)(B). The proposed Notice advises Class Members of the terms of the Supplemental Settlement, the procedure for objecting to the Supplemental Settlement and opting out of the Class, where to get additional information, and will set forth the time, date and place of the Final Approval Hearing.

The standard for the adequacy of a class action settlement notice is one of "reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113-114 (2d Cir. 2005) (citing *Soberal-Perez v. Heckler*, 717 F2d 36, 43 (2d Cir. 1983)); Fed. R. Civ. P. 23(e). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id.* at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (internal quotation marks and brackets omitted). This standard is easily met here.

4

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant preliminary approval of the Supplemental Settlement and enter the accompanying proposed Preliminary Approval Order.

Dated: April 16, 2010
      New York, New York      GISKAN SOLOTAROFF ANDERSON & STEWART LLP

By: _____/s/_____
     Oren S. Giskan (OG 3667)
     Catherine E. Anderson (CA 5129)
     11 Broadway, Suite 2150
     New York, NY 10004
     (212) 847-8315
     ogiskan@gslawny.com

     *Attorneys for Plaintiff*